UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPHINE PITTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-30182-MGM |
| | ) | |
| ZOAR OUTDOOR ADVENTURE | ) | |
| RESORT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
TO DISMISS COUNTERLCLAIM FOR IMPROPER VENUE
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

On or around October 19, 2016, plaintiff Josephine Pittman ("Plaintiff") filed a complaint in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Franklin County (Dkt. No. 1-1). In summary, the complaint alleged that Plaintiff suffered serious injuries as a participant in a zip line canopy tour on the premises of defendant Zoar Outdoor Adventure Resort, Inc. ("Defendant"). Defendant removed the case to this court pursuant to 28 U.S.C. § 1441(a), which provides for removal of actions where the parties are diverse (Dkt. No. 1). In this court, Defendant answered the complaint and asserted a counterclaim against Plaintiff for fees and costs (Dkt. No. 3). Presently before the court is Plaintiff's Motion to Dismiss Counterclaim for Improper Venue ("Plaintiff's Motion to Dismiss"), which was referred to the undersigned for Report and Recommendation by the presiding District Judge (Dkt. No. 27). For the reasons set forth below, the court recommends that Plaintiff's Motion to Dismiss be denied.

II. RELEVANT BACKGROUND

Plaintiff's initial complaint ("Complaint") asserted claims of gross negligence (Count I)

1

and fraudulent inducement concerning a participant agreement and waiver of liability ("Participant Agreement") signed by Plaintiff as a condition of her participation in the zip lining activity (Count II) (Dkt. No. 1-1).[1] In its response to the Complaint, Defendant asserted a counterclaim for contractual indemnification based on the contents of the Participation Agreement signed by Plaintiff.[2] Defendant attached a copy of the Participant Agreement as Exhibit A to Defendant's Answer to Plaintiff's Complaint, Counterclaim and Claim for Jury Trial (Dkt. No. 3).

In relevant part, the Participant Agreement provides as follows:

> 2. I expressly agree to and promise to accept and assume all of the risks existing in this activity [expressly including zip line canopy tours]. My participation in this activity is purely voluntary, and I elect to participate in spite of the risks.
> 3. I hereby voluntarily release, forever discharge, and agree to indemnify and hold harmless Zoar from any and all claims, demands, or causes of action, which are in any way connected with my participation in this activity or my use of Zoar's equipment, vehicles, facilities, or premises before, during, and after this activity including any such claims which allege negligent acts or omissions of Zoar.
> 4. Should Zoar or anyone acting on their behalf, be required to incur attorney's fees and costs to enforce this agreement, I agree to indemnify and hold them harmless for all such fees and costs.
> . . .
> 6. In the event that I file a lawsuit against Zoar, I agree the Venue of any dispute that may arise out of this agreement or otherwise between the parties to which Zoar or its agents is a party shall be either in the town of Charlemont, Massachusetts Justice Court or the County or State Supreme Court in Franklin County, Massachusetts. I further agree that the substantive law of Massachusetts

---

[1] With leave of court, Plaintiff filed an amended complaint on June 5, 2017 ("Amended Complaint"), adding a claim of ordinary negligence and claims of loss of consortium on behalf of her husband, Ronald Pittman, and her daughter, Lillian Pittman (Dkt. No. 34).

[2] The formal title of the document is "Participant Agreement, Release and Acknowledgement of Risk."

shall apply in that action without regard to the conflict of law rules of that state.[3]

(Dkt. No. 3-1 at 2).

Plaintiff's Motion to Dismiss is based solely on the forum selection clause in paragraph 6 of the Participant Agreement (Dkt. No. 11).

    III.      STANDARD OF REVIEW AND APPLICABLE LAW

In this circuit, a motion to dismiss based on a forum selection clause is treated "as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (citing *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 387 & n.3 (1st Cir. 2001)). This court "must 'accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the [counterclaim] plaintiff's favor, and determine whether the [counterclaim], so read, limns facts sufficient to justify recovery on any cognizable theory.'" *Id.* (quoting *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998)). A court considering a motion to dismiss "may properly consider only facts and documents that are part of or incorporated into the complaint." *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). In the present action, Defendant has attached the Participant Agreement in support of its counterclaim, and neither party disputes the authenticity of the document. Accordingly, in ruling on Plaintiff's Motion to Dismiss, the court may appropriately take into account the contents of the Participant Agreement, including the choice of forum provision which is the basis of that motion. *See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (document sufficiently referred to in the

---

[3] The court takes judicial notice of the fact that a "town of Charlemont Justice Court" does not exist in Charlemont, Massachusetts. The parties agreed at oral argument that the Superior Court in Franklin County is the venue designated by the forum selection clause.

3

complaint, the authenticity of which is not disputed, properly may be considered on a 12(b)(6) motion).

It remains an unsettled question in this circuit whether "'forum selection clauses are to be treated as substantive or procedural for *Erie* purposes.'" *Rivera*, 575 F.3d at 16 (quoting *Lambert v. Kysar*, 983 F.2d 1110, 1116 & n.10 (1st Cir. 1993)). This is a question that the court need not address. *See id.* The forum selection clause in the Participant Agreement provides that Massachusetts law shall apply to legal actions arising out of the agreement or otherwise between the parties (Dkt. No. 35-1 at 1, ¶ 6). This court should, therefore, look to Massachusetts law for principles bearing on interpretation of the Participant Agreement. That said, there is no conflict between federal common law and Massachusetts law regarding the enforceability and interpretation of forum selection clauses. *See generally Boland v. George S. May Int'l Co.*, 969 N.E.2d 166, 169-74 (Mass. App. Ct. 2012) (relying on federal and Massachusetts law for purposes of interpreting a forum selection clause). Accordingly, it is also appropriate for this court to apply federal common law in ruling on the enforceability and interpretation of the Participant Agreement's forum selection clause. *See Rivera*, 575 F.3d at 16-17; *see also OsComp Sys., Inc. v. Bakken Express, LLC*, 930 F. Supp. 2d 261, 268 n.3 (D. Mass. 2013) (relying on federal common law where the parties did so; noting that there do not appear to be material discrepancies between federal and Massachusetts law regarding the validity and interpretation of forum selection clauses); *Summa Humma Enters., LLC v. Fisher Eng'g*, Civil No. 12-cv-367-LM, 2013 WL 57042, at *3 (D. Me. Jan. 3, 2013) (court would apply Maine law to interpretation of forum selection clauses; because Maine law was co-extensive with federal law concerning the interpretation of a forum selection clause, the court would also apply federal common law to the interpretive task).

IV. ANALYSIS

Notwithstanding citations to cases ruling that forum selection clauses can constitute a waiver of a defendant's right to remove a case to federal court, Plaintiff has not moved for dismissal or remand of this case to the state court where it was filed. Rather, Plaintiff's Motion to Dismiss is limited to seeking dismissal of Defendant's counterclaim. On this point, Plaintiff contends that this court is an improper venue for a counterclaim alleging contractual indemnity because the claim is a dispute between the parties that arises out of the Participant Agreement. Plaintiff notes that, in setting forth the designated venue, the forum selection clause uses the word "shall," which, Plaintiff argues, connotes a mandatory choice of venue which is binding on Defendant (Dkt. No. 12). Defendant opposes Plaintiff's Motion to Dismiss on the ground that the forum selection clause was binding on Plaintiff, but by its terms, did not constrain Defendant's choice of venue for any claims it had against Plaintiff arising from the Participant Agreement (Dkt. No. 15). In the court's view, Defendant has the better of the arguments.

Forum selection clauses "'are prima facie valid and should be enforced.'" *Silva*, 239 F.3d at 386 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). "A forum selection clause 'does not divest a court of [the] jurisdiction it otherwise retains, rather it constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise jurisdiction.'" *Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 58 (D. Mass. 2011) (quoting *Silva*, 239 F.3d at 389 n.6). Before giving effect to a forum selection clause, a court must address certain threshold issues, including whether: (1) the clause is mandatory or permissive; and (2) the clause governs the claims allegedly subject to it. *See id.*

1. The Forum Selection Clause is Mandatory as to Claims to Which it Applies

5

"'Permissive forum selection clauses, often described as "consent to jurisdiction" clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere. . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.'" *Rivera*, 575 F.3d at 17 (quoting 14D C.A. Wright, A.R. Miller & E.H. Cooper, *Federal Practice and Procedure* § 3803.1 (3d ed. 1998)). "The use of words such as 'will' or 'shall' demonstrate parties' exclusive commitment to the named forum." *Provanzano*, 827 F. Supp. 2d at 60 (citing *Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9, 12 (1st Cir. 2001)). Moreover, "[a] crucial distinction between mandatory and permissive clauses is whether the clause only mentions jurisdiction or specifically refers to venue." *Arguss Commc'ns Grp., Inc. v. Teletron, Inc.*, No. CIV. 99-257-JD, 2000 WL 36936, at *7 (D.N.H. Nov. 19, 1999). In the present case, "[b]ecause the [Participant] Agreement uses the term 'shall' to describe . . . the commitment to resolving . . . [certain] litigation 'in [either the town of Charlemont, Massachusetts Justice Court or the County or State Supreme Court in Franklin County, Massachusetts,'] [and because it refers to 'venue,' not just 'jurisdiction,'] it is a mandatory clause." *Xiao Wei Yang Catering Linkage in Inner Mongolia Co., LTD v. Inner Mongolia Xiao Wei Yang USA, Inc.*, 150 F. Supp. 3d 71, 77 (D. Mass. 2015). Indeed, the parties do not appear to dispute that the forum selection clause in the Participant Agreement is mandatory as to claims to which it applies.

2. <u>The Forum Selection Clause Does Not Apply to Defendant's Counterclaim</u>

Whether to enforce a forum selection clause depends on whether the clause governs the claims asserted in the lawsuit. *See Provanzano*, 827 F. Supp. 2d at 60 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 21 (1st Cir. 2011)); *see also Pacheco v. St. Luke's Emergency Assocs., P.C.*, 879 F. Supp. 2d 136, 140 (D. Mass. 2012). This is a matter of interpreting the terms of the

contract between the parties. "The construction of a written contract which is plain in its terms and free from ambiguity presents a question of law for the court,'" *Boland*, 969 N.E.2d at 173 (quoting *Hiller v. Submarine Signal Co.*, 91 N.E.2d 667, 669 (Mass. 1950)), and it is "'the language of the forum selection clause itself that determines which claims fall within its scope.'" *Pacheco*, 879 F. Supp. 2d at 140 (quoting *Rivera*, 575 F.3d at 19).

In the present case, the plain language of the forum selection clause mandated venue in the Franklin County Superior Court, *but only as to claims asserted by Plaintiff*. Plaintiff's contention that the forum selection clause is binding on Defendant ignores the qualifying introductory clause of the provision, which states that "[i]n the event [Plaintiff] file[s] a lawsuit against Zoar, [Plaintiff] agree[s]" to the venue specified in paragraph 6 of the Participant Agreement (Dkt No. 3-1 at 2). In this case, as in *Rivera*, the mandatory venue language "is preceded and informed by a qualifying phrase: '*In the event that . . . [I file suit against Zoar] . . ., I . . . agree [the Venue] . . . .*' That is, the [Participant Agreement] required [Plaintiff] to *assert* any causes of action that [she] may have against [Defendant] in the [Franklin County Superior Court]." *Rivera*, 575 F.3d at 18. There is no comparable venue provision, nor is there any mandatory or restrictive language, in paragraph 4 related to an assertion by Defendant of a claim for recovery of attorney's fees and costs (Dkt. No. 3-1 at 2). Thus, by far the most persuasive reading of the forum selection clause is that it dictated the venue where Plaintiff could file suit against Defendant but did not waive Defendant's right of removal or dictate the forum in which Defendant could bring claims against Plaintiff arising out of the Participant Agreement. *See Pacheco*, 879 F. Supp. 2d at 140; *Boland*, 969 N.E.2d at 174; *cf. Xiao Wei Catering Linkage*, 150 F. Supp. 3d at 77 (satisfaction of condition precedent was required to trigger application of a forum selection clause).

Furthermore, because Plaintiff has not moved for remand and intends to prosecute her claims against Defendant in this court, it would be a waste of judicial resources to require Defendant to seek recovery of fees and costs in a separate state court action. In Count II of Plaintiff's Complaint (and her amended complaint), she has alleged that she was fraudulently induced to sign the Participant Agreement. "It is black-letter law that an agreement . . . is voidable by a party who is fraudulently induced to enter into it." *Green v. Harvard Vanguard Med. Assocs., Inc.*, 944 N.E.2d 184, 193 (Mass. App. Ct. 2011); *see also St. Fleur v. WPI Cable Sys./Mutron*, 879 N.E.2d 27, 35 (Mass. 2008) (a party is not bound by a contract she was fraudulently induced to sign). To prevail on the claim of ordinary negligence alleged in the Amended Complaint, Plaintiff will be required to prove that she was fraudulently induced to sign the Participant Agreement. *See Lee v. Allied Sports Assocs.*, 209 N.E.2d 329, 332-33 (Mass. 1965). If she succeeds in meeting her burden of proof on this point, she will not be bound by the terms of the Participant Agreement, which is the sole basis for Defendant's counterclaim for fees and costs. Thus, Plaintiff's claims and Defendant's counterclaim "involve a common nucleus of operative fact [and] all claims should be adjudicated together in this court." *Pacheco*, 879 F. Supp. 2d at 138.

V. CONCLUSION

For these reasons, it is this court's RECOMMENDATION that Plaintiff's Motion be DENIED.[4]

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  June 9, 2017

---

Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.